U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 17 2010
CLERK, U.S. DISTRICT COURT
By _____
  Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JASON DWAYNE PREBLE, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | No. 4:10-CV-158-A |
| § | |
| RICK THALER, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Jason Dwayne Preble, a state prisoner currently incarcerated in Snyder, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time barred.

### I. PROCEDURAL HISTORY

On March 28, 2008, petitioner entered a negotiated guilty plea to aggravated sexual assault of a child under 14 years of age and a plea in bar to indecency with a child in Criminal District Court

Number One of Tarrant County, Texas, and was sentenced to 12 years' confinement. (State Habeas R. at 60) Petitioner did not directly appeal his conviction or sentence. (Petition at 3) On November 7, 2008, petitioner filed an application for writ of habeas corpus in state court, raising the claims presented herein, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on May 19, 2009. (State Habeas R. at cover, 44-52) Petitioner filed this federal petition for writ of habeas corpus on March 5, 2010. As ordered, Thaler has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Petitioner did not timely reply.

### D.  ISSUES

Petitioner raises three grounds for relief in which he claims he received ineffective assistance of trial counsel, his plea was involuntary due to diminished capacity, and his plea was coerced. Petition at 7)

### E.  STATUTE OF LIMITATIONS

Thaler argues that petitioner's federal petition for writ of habeas corpus should be dismissed with prejudice because his claims are time-barred. (Resp't Preliminary Resp. at 3-6)  28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).

2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction

3

became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time petitioner had for filing a timely notice of appeal on Monday, April 28, 2008,[1] and closed one year later on April 28, 2009, absent any applicable tolling. See TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's state habeas application, pending from November 7, 2008 through May 13, 2009, or 187 days, operated to toll the federal limitations period under § 2244(d)(2) until Monday, November 2, 2009.[2] See FED. R. CIV. P. 6(a). Petitioner has not otherwise alleged or demonstrated exceptional circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) Petitioner's federal petition was due on or before November 2, 2009. His federal petition filed on March 5, 2010, was filed beyond the limitations period and is, therefore, untimely.

---

[1] April 27, 2008, was a Sunday.

[2] November 1, 2009, was a Sunday.

4

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED May 17, 2010.

_____
JOHN McBRYDE
United States District Judge

5